**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **GERALD SHAFT,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 5:20-CV-04057-DDC-TJJ |
| | ) |
| **RELIANCE STANDARD LIFE INS. CO.,** | ) |
| | ) |
|       **Defendant.** | ) |
| | ) |

**AMENDED COMPLAINT**

COMES NOW Plaintiff Gerald Shaft (herein "Plaintiff") by and through counsel, Norman R. Kelly, Esq. of Norton, Wasserman, Jones & Kelly, L.L.C. and for his claims against Defendant Reliance Standard Life Insurance Company (herein "Defendant") states and alleges as follows:

**Jurisdiction and Venue**

1. This is a case originally brought under the Employee Retirement Income Security Act of 1974 ("ERISA); and in particular 29 U.S.C.A. §1132(e)(1), 1132(f).

2. The ERISA statute provides at 29 U.S.C.A. §1133 a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal have been exhausted prior to the commencement of this legal action.

3. Plaintiff's ERISA claim is brought under federal question jurisdiction, pursuant to 28 U.S.C. 1331.

4. Plaintiff's breach of contract claim is brought under Kansas state law and is in excess

of $75,000.00, pursuant to 28 U.S.C. 1332.

5. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b)(2) as the cause of action arose in the State of Kansas.

## Involved Parties

6. At all times mentioned, Plaintiff was and now is a residence of Salina, Saline County, Kansas, a citizen of the State of Kansas and the husband of the named insured, Diana Shaft (herein "Insured").

7. At all times mentioned, Defendant was and now is a Limited Liability Company organized and existing under the laws of Illinois, a citizen of the state of Illinois and authorized to engage in general insurance business and engaged in that business in Kansas. Defendant may be served with a summons and copy of this complaint by serving its registered agent National Registered Agents, Inc. of Kansas at 112 SW 7th Street, Ste. 3C, Topeka, Kansas 66603.

8. Insured was, until her death on October 24, 2018, the wife of Plaintiff.

9. At all times mentioned, USD 305 Salina had a "Employee Welfare Benefit Plan" as defined by 29 U.S.C.A. §1002(1); and incident to her employment, Insured received coverage under the plan as a "participant" as defined by 29 U.S.C.A. §1002 (7). This claim relates to benefits under the plan.

## Factual Allegations

10. On September 1, 2017, Defendant had in effect with USD 305 Salina a policy of group life insurance, insuring the life of Insured for $200,000.00, and it issued

      Certificate No. 10658738 showing such insurance under the group policy and the amount of it. A copy of the certificate is attached as Exhibit "A", and incorporated by reference herein.

11. Plaintiff is now and was on the date of death of Insured the designated beneficiary in the insurance certificate for the applicable group life insurance policy.

12. After the issuance of the policy by Defendant to Insured, the Insured kept and performed the conditions of it by the payment of the specified premiums, and that the policy of insurance was in full force and effect on the date of the maturity of it by the death of Insured.

13. Prior to August of 2017, the Insured was employed as a social worker for the local school district, USD 305, located in Salina, Kansas.

14. The insured attempted to return to work in August of 2017 but was physically unable to do so. The insured was subsequently diagnosed with amyotrophic lateral sclerosis (ALS).

15. The Insured's last active day at work for USD 305 was May 24, 2017, although she did not know that this would be her last active day at work until her ALS diagnosis three months later.

16. The Insured was no longer physically present and working for USD 305 when the school district plan administrator held its annual meeting with employees in September of 2017 to discuss and renew benefits.

17. The Insured's ALS was very aggressive and caused her death on October 24, 2018 just over a year after her diagnosis of ALS.

18. Exhibit "A" provides that if an insured is not actively at work due to total disability, the Insured is eligible for Waiver of Premium and this benefit may be extended without payment of the required premium.

19. According to Exhibit "A", there must be written notice of a claim after a loss, and that the available benefits to the Insured or his or her designated beneficiary will not be reduced or denied if the proof is given "as soon as reasonably possible."

20. After the Insured's diagnosis of ALS, the Plaintiff continued to work to support his family while also taking care of the Insured.

21. The Plaintiff did not work for the involved school district, USD 305, and was not familiar with the group life insurance provided to USD 305's employees. He did not have a copy of the life insurance policy nor did he receive any correspondence prior to the Insured's death from Bay Bridge Administration regarding an Application for the Waiver of Premium.

22. Shortly after the Insured's passing, the Plaintiff began working on matters of her estate and became aware of the need to submit the Application for Waiver of Premium.

23. Less than two weeks after Insured's passing and just days after learning of the required application, the Plaintiff submitted the Application for Waiver of Premium, which Bay Bridge Administrators received on November 5, 2018.

24. On December 5, 2018, Bay Bridge Administrators sent a letter to Plaintiff, denying the Application for Waiver of Premium.

25. On January 18, 2019, Plaintiff appealed the determination by the Defendant denying

the Application for Waiver of Premium. The basis of the Plaintiff's appeal was that the application was provided as soon as reasonably possibly.

26. On February 14, 2019, Defendant again denied the Application for Waiver of Premium on appeal, closed the administrative record and determined that all administrative remedies had been exhausted.

### Count I - Unrecovered Benefits Under ERISA

27. The allegations contained in paragraph one (1) through twenty-five (25) above are incorporated above herein by reference as though fully set forth.

28. The Plaintiff seeks the recovery of plan benefits pursuant to 29 U.S.C.A. § 1132(a)(1)(B).

29. Under the terms of the plan, the Defendant agreed to provide Plaintiff with benefits should he provide proof of loss as soon as reasonably possible. The Plaintiff provided the proof of loss to Defendant as soon as was reasonably possible and Defendant thereafter failed to provide such benefits.

30. The denial of benefits to Plaintiff constitutes a breach of the plan between Defendant and Plaintiff. Plaintiff seeks reimbursement and compensation for any and all benefits he would have received as a result of the Defendant's failure to provide coverage.

31. Defendant has arbitrarily and capriciously breached the obligations set forth in the plan. Defendant has arbitrarily and capriciously breached its obligations under the ERISA policy to provide Plaintiff benefits even though Plaintiff's benefits are

covered under the terms of the plan.

32. As a direct and proximate result of the conduct of Defendant in failing to provide coverage and pay benefits due and owing to Plaintiff, the Plaintiff has been damaged the amount equal to the amount of benefits to which Plaintiff would have been entitled under the terms of the plan.

33. As a direct and proximate result of the conduct of Defendant in failing to provide coverage and benefits under the plan, Plaintiff has suffered, and will continue to suffer in the future, damages under the plan put interest and other economically and consequential damages, for a total amount to be determined at the time of trial.

34. The Plaintiff is entitled to benefits under the terms of the plan, including a judgment for the policy limits of two hundred thousand dollars ($200,000.00) and interest on the same at the maximum rate allowed by law from the earliest date possible.

35. The Plaintiff is entitled to his reasonable attorney's fees incurred in obtaining this recovery pursuant to 29 U.S.C.A. § 1132(g)(1).

### Count II - Breach of Contract

36. The allegations contained in paragraph one (1) through thirty-five (35) above are incorporated above herein by reference as though fully set forth.

37. Plaintiff's policy with Defendant was a contract for insurance under Kansas law.

38. Defendant had a contractual obligation to provide coverage for the disability of Plaintiff's late wife, Diana Shaft.

39. Plaintiff complied with the terms of the policy because his submission of proof of

        loss was made as soon as reasonably possible, in compliance with the claims provisions of the policy.

40. Defendant breached the terms of the policy by failing to pay the benefits after receiving Plaintiff's timely proof of loss.

41. Plaintiff was significantly harmed by the wrongful denial of benefits, and was left to deal with the loss of his wife without the assistance of the benefits lawfully owed to him under the policy.

42. The Plaintiff is entitled to his reasonable attorney's fees incurred in obtaining this recovery pursuant to K.S.A. 40-256 and other Kansas law.

WHEREFORE, Plaintiff prays that this court grant the following relief against the Defendants and:

(a) Enter judgment in Plaintiff's favor and against the Defendant and order the Defendant to pay Plaintiff's life insurance benefits under a waiver of premium to which he is entitled;

(b) Adjudge and decree that Defendant failed to comply with minimum requirements of ERISA and other federal and state laws in connection with the denial of benefits;

(c) Order Defendant, for benefits payable under the plan, to immediately pay to Plaintiff payments that Plaintiff has been entitled to receive;

(d) Order Defendant to pay any future benefits payable under the plan Plaintiff is entitled to receive including judgment for the policy limits of two hundred thousand dollars ($200,000.00);

(e)     Grant Plaintiff judgment for interest at the maximum rate allowed by law from the earliest date possible on the benefits due under the plan;

(f)     Grant Plaintiff his reasonable attorney fees and costs incurred herein;

(g)     Grant such other and further relief as the court may deem, fair, just and equitable.

WHEREFORE, Plaintiff requests the above described relief to be granted to him including a judgment against Defendant for damages in an amount of two hundred thousand dollars ($200,000.00) for judgment for interest at the maximum rate allowed by law from the earliest date possible on the benefits due and owing to Plaintiff; for judgment for Plaintiff's attorney's fees and costs; and for such other and further relief as the court deems fair, just and equitable.

SUBMITTED AND APPROVED BY:

NORTON, WASSERMAN, JONES & KELLY, L.L.C.
213 S. Santa Fe
PO Box 2388
Salina, Kansas 67402-2388
(785) 827-3646
Fax: (785) 827-0538
E-mail: nrk@nwjklaw.com


By: /s/Norman R. Kelly
Norman R. Kelly
SC # 10639
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff who demands trial by jury on all issues of fact so triable.

        NORTON, WASSERMAN, JONES & KELLY, L.L.C.
        213 S. Santa Fe
        PO Box 2388
        Salina, Kansas 67402-2388
        (785) 827-3646
        Fax: (785) 827-0538
        E-mail: nrk@nwjklaw.com

        By: /s/Norman R. Kelly
        Norman R. Kelly
        SC # 10639
        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of December, 2020, I electronically filed the foregoing Amended Complaint, with the United States District Court for the District of Kansas, which will send a notice of electronic filing to:

>Richard N. Bien
>Carrie E. Josserand
>Lathrop GPM LLP
>2345 Grand Blvd, Ste. 2200
>Kansas City, Missouri 64108
>(816) 292-2000
>Fax: (816) 292-2001
>E-mail: richard.bien@lathropgpm.com
>E-mail: carrie.josserand@lathropgpm.com
>Attorney for Defendant

>/s/Norman R. Kelly
>Norman R. Kelly